UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RONALD LAVON COSPER, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-355-RLJ-DCP |
| | ) | | |
| TENNESSEE DEPARTMENT OF | ) | | |
| CORRECTIONS, NORTHWEST | ) | | |
| CORRECTIONAL COMPLEX, and | ) | | |
| KEVIN GENOVESE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], and a motion for leave to proceed *in forma pauperis* in this action [Doc. 2] The Court will address Plaintiff's motion before screening Plaintiff's complaint in compliance with the Prison Litigation Reform Act ("PLRA").

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] is **GRANTED**.

Because Plaintiff is an inmate in the Northwest Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk is **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

2

(1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

Plaintiff, an inmate housed at the Northwest Correctional Complex ("NCCX"), was lying on his bunk at approximately 1:13 p.m. on June 13, 2020, when two CERT[1] officers entered his cell [Doc. 1 p. 2].  These officers allegedly punched, kicked, stomped, and pulled Plaintiff's hair "for several minutes" before leaving him lying on the floor barely conscious [*Id.*].  During a security check that occurred sometime later, another officer noticed Plaintiff's condition and took Plaintiff to the medical clinic, where a nurse determined that Plaintiff had a concussion, busted blood vessels in his left eye, two cracked ribs on his left side, swelling on his lower back, and a chipped upper tooth [*Id.*].  Plaintiff seeks $50 million in compensation for past and present "physical and mental trauma" against Defendants Tennessee Department of Corrections, NCCX, and NCCX Warden Kevin Genovese [*Id.* at 3].

---

[1] The Court presumes that "CERT" is an acronym for "Correctional Emergency Response Team."

C. **Analysis**

1. **Sovereign Immunity**

Plaintiff seeks monetary compensation against the Tennessee Department of Correction and NCCX[2], which are agencies of the State of Tennessee. *See, e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). However, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979). Tennessee has not waived its immunity. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Accordingly, the Eleventh Amendment bars Plaintiff's suit for monetary damages against Defendant Tennessee Department of Correction and NCCX, and they will be **DISMISSED**.

2. **Warden Genovese**

Next, the Court notes that Plaintiff has not alleged any facts from which this Court could infer that Warden Kevin Genovese engaged in any of the wrongdoing alleged in Plaintiff's complaint. Therefore, Plaintiff has failed to state a claim against Defendant Genovese. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Genovese merely because he is Warden of the facility, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v.*

---

[2] Additionally, NCCX, a State prison within the Tennessee Department of Correction, is not subject to suit under § 1983, as it is not a "person" under the law. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 68, 65-71 (1989); *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006).

4

*Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Genovese will be **DISMISSED**.

### 3. Potential Defendants

The Court finds that Plaintiff's allegations have stated a plausible excessive force claim against the two CERT officers who allegedly assaulted him. Plaintiff's failure to identify these individuals, however, prevents the Court from issuing service packets against them. Therefore, the Court will allow Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of this Order that identifies the two CERT officers who allegedly assaulted him. Plaintiff is **NOTIFIED** that the amended complaint will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. Plaintiff is further **NOTIFIED** that his amended complaint should include only a short and plain statement of his claim showing that he is entitled to relief as to each Defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure.[3] Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the

---

[3] Plaintiff is also **NOTIFIED** that the Court may only address the merits of claims that relate back to and are properly joined with Plaintiff's main claim under the applicable Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15 and 20(2).

Court will automatically deny any motions filed before the Court has screened the amended complaint.

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Defendants Tennessee Department of Corrections, Northwest Correctional Complex, and Kevin Genovese are **DISMISSED**;

6. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

7. Plaintiff is **ORDERED** to complete the § 1983 form within twenty-one (21) days in accordance with the directives stated above;

8. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge